UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

BONNIE SCHNEIDER,                                                                    Civil Action No:

                              Plaintiffs,                          **Complaint**

                    -against-

MICHELLE J. ZWEIFLER, MD.,

                              Defendants.

----------------------------------------------------------------------X

Plaintiff, Bonnie Schneider, through her attorneys, CARMAN, CALLAHAN & INGHAM,

LLP, alleges, upon information and belief, as follows:

### PARTIES AND JURISDICTION

1.      Plaintiff, Bonnie Schneider, is a resident of the State of Florida.

2.      That at all times herein, defendant Michelle J. Zweifler, M.D. (Zweifler) was a resident
of the County of Suffolk, State of New York.

3.      That at all times herein the defendant Zweifler was and still is a physician duly licensed
to practice medicine in the State of New York.

4.      That at all times herein mentioned defendant Zweifler maintained an office for the
practice of medicine at 800-A 5th Avenue, Apt. 302, New York, New York 10065.

5.      The cause of action herein arose in the County of New York located in the State of New
York.

6.      This Court has subject matter jurisdiction over the parties and the claims herein
pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship: Plaintiff is a citizen of
the State of Florida; Defendant is a citizen of the State of New York; and the amount in controversy
exceeds $75,000.000 exclusive of interests and costs.

**Plaintiff's First Cause of Action**

7.      At all times referred to herein, Plaintiff Bonnie Schneider sought cosmetic medical care, treatment, diagnosis, advice and services from the Defendant Zweifler in the expectation that said care, treatment, diagnosis, advice and services would be performed in accordance with good and accepted standards of medical care and practice.

8.      That at all times herein Defendant Zweifler specialized in the medical field of cosmetic surgery and represented herself to be a specialist in the field of cosmetic medicine and surgery.

9.      That at all times here Defendant Zweifler held herself out to the general public, and specifically to the Plaintiff Bonnie Schneider, to be competent to practice medicine in the field of cosmetic medicine and surgery.

10.      That at all times herein, the Defendant Zweiffler, held herself out to the general public, and specifically the Plaintiff Bonnie Schneider to be qualified to properly perform cosmetic surgical procedures and to provide follow up care consistent with the expertise and skill of a physician and a specialist in the field of cosmetic surgery.

11.      That at all times herein Defendant, Zweifler represented that she was qualified and competent to properly perform a cosmetic procedure involving the Plaintiff Bonnie Schneider's face.

12.      That at all times herein Defendant Zweifler expressly and/or impliedly held herself out to the general public, including the Plaintiff, to be a competent, qualified, skilled doctor and cosmetic surgeon qualified to render prompt, timely, proper, adequate and sufficient care in the form of diagnostic examination, monitoring, supervision, prescription, surgery, treatment, care and attention and to otherwise act in accordance with accepted and approved medical standards in the field of cosmetic surgery.

13.      That at all times herein, Defendant, Zweifler, made express and/or implied representations that her examination, evaluation, testing, inspection, observation, and diagnosis of the Plaintiff Bonnie Schneider's condition and requested procedure was within the scope of her medical

practice, training, skill and ability as a duly licensed physician in the State of New York given the

Defendant Zweifler's training and experience.

14.    That on January 24, 2022 the Plaintiff, Bonnie Schneider, was a patient of Defendant

Zweifler.

15.    That the purpose of the Plaintiff's consultation and treatment on January 24, 2022 with

the Defendant Zweifler was to secure medical care that included a medical procedure that defendant

Zweifler would perform on the right medial cheek of the Plaintiff's face.

16.    That on or about January 24, 2022 Defendant Zweifler did not inform the Plaintiff,

Bonnie Schneider how the medical procedure would be performed or that the medical procedure

created a risk that the right medial cheek of the Plaintiff's face would be permanently scarred and/or

disfigured.

17.    That on or about January 24, 2022 Defendant Zweifler performed a medical procedure

on the Plaintiff's face and during that procedure caused Plaintiff to suffer a permanent laceration injury

that extends downward from the right side of her nose that extends continuously across her right cheek

a distance of approximately 8 inches in length.

18.    The laceration injuries caused by Defendant Zweifler resulted in permanent scaring to

the right medial cheek of the Plaintiff's face.

19.    Following the January 24, 2022 procedure, Defendant Zweifler did not show the

Plaintiff the laceration injuries she caused the plaintiff to suffer on the right medial cheek of her face

during the medical procedure.

20.    Following the January 24, 2022 procedure, Defendant Zweifler instructed the Plaintiff

to leave the laceration to her face covered by bandages.

21.    Because the medical bandages covered her face, Plaintiff Schneider was unaware that

the Defendant Zweifler had caused laceration injuries to her right medial cheek during the procedure

performed on January 24, 2022.

22.    Plaintiff Schneider was not told that the medical procedure performed on January 24, 2022 had caused her to sustain permanent laceration injuries to her right medial cheek and she did not know about the injuries to her face when she submitted to the second medical procedure involving the left portion of her face on February 1, 2022.

23.    Following the February 1, 2022 procedure, Defendant Zweifler did not show the Plaintiff the laceration injury she caused the plaintiff to suffer on the right medial cheek or the new lacerations to the left upper portion of her face and the left mandibular portion of her face.

24.    At no point prior to either January 24, 2022 did the Defendant Zweifler obtain consent from the Plaintiff, Bonnie Schneider to perform the actual medical procedure that was performed on that date.

25.    Defendant Zweifler was negligent and departed from accepted medical standards in her care and treatment of the Plaintiff Bonnie Schneider; in failing to properly inform her of the treatment that would be performed; in failing to inform her of the risks of the treatment that was actually performed; in failing to perform the proper cosmetic procedure for her medical diagnosis; in failing to obtain consent for the cosmetic procedure performed.

26.    In addition, Defendant was negligent, and departed from accepted medical standards, in failing to provide proper, adequate and appropriate follow up care to the Plaintiff, Bonnie Schneider, failing to provide her with oral antibiotics, and implement a follow up care plan that contemplated the complexity of the Plaintiff's surgery. In addition, the Defendant Zweifler was negligent, and departed from accepted medical standards, in providing follow up care instructions to the Plaintiff which included statements such as "don't take off the bandages," while at the same time prescribing the Plaintiff a topical antibiotic as opposed to an oral antibiotic to treat a possible infection after she complained of pain.

27.    That as a result of the negligent actions of the Defendant Zweifler the Plaintiff Bonnie Schneider has permanent scars to the right medial cheek.

28.     That as a result of the negligence of the Defendant Zweifler the Plaintiff Bonnie

Schneider sustained serious, permanent personal injuries, excruciating pain and suffering, and the

permanent disfiguration of her face.

29.     That the Plaintiff Bonnie Schneider's injuries include both physical and mental pain and

suffering and all the consequences thereof were caused by the Defendant Zweiller without any fault on

the part of the Plaintiff Bonnie Schneider.

30.     By reason of the above Plaintiff Bonnie Schneider seeks damages for personal injuries,

conscious pain and suffering, loss of enjoyment of life, and economic damages, both general and

special as well as the costs associated with past and future medical care.

### Plaintiff's Second Cause of Action

31.     Plaintiff repeats, reiterates and realleges the allegations set forth in Paragraph Nos.

1 through 30 as if more fully set forth herein below.

32.     That on February 1, 2022 Plaintiff, Bonnie Schneider, was a patient of Defendant

Zweifler.

33.     That the purpose of the Plaintiff's consultation and treatment on February 1, 2022 with

the Defendant Zweifler was to secure medical care that included a medical procedure that defendant

Zweifler would perform on left medial cheek of the Plaintiff's face.

34.     That on or about February 1, 2022 Defendant Zweifler did not inform the Plaintiff,

Bonnie Schneider how the medical procedure would be performed or that the medical procedure

created a risk that the left medial cheek and the left mandibular portion of the Plaintiff's face would be

permanently scarred and/or disfigured.

35.     That on or about February 1, 2022 Defendant Zweifler performed a medical procedure

on the Plaintiff's face and during that procedure caused Plaintiff to suffer a permanent laceration injury

that extends downward from the left side of her nose that extends continuously across her cheek a

distance of approximately 4 inches in length.  In addition, on February 1, 2022 Defendant Zweifler

performed a second medical procedure on the Plaintiff's face and during that second procedure caused a laceration injury that extends from her left ear to her chin a distance of approximately 8 inches in length.

36.    The laceration injury caused by Defendant Zweifler has resulted in a permanent scar to the left medial cheek of the Plaintiff's face and a second scar to the left mandible portion of her face.

37.    At no point prior to the medical procedure performed on February 1, 2022 did the Defendant Zweifler inform the Plaintiff of the laceration injury she caused to the right medial cheek of Plaintiff's face on January 24, 2022 during the first medical procedure.

38.    At no point prior to the February 1, 2022 did the Defendant Zweifler obtain consent from Plaintiff, Bonnie Schneider to perform the actual medical procedure that was performed on the left medial cheek and the left mandibular portion of her face.

39.    Following the February 1, 2022 procedure, Defendant Zweifler did not show the Plaintiff the laceration injuries she caused the plaintiff to suffer to the left medial cheek and the left mandibular area of her face.

40.    Defendant Zweifler was negligent and departed from accepted medical standards in her care and treatment of the Plaintiff, Bonnie Schneider; in failing to properly inform her of the treatment that would be performed; in failing to inform her of the risks of the treatment that was actually performed; in failing to perform the proper cosmetic procedure for her medical diagnosis; and in failing to obtain consent for the cosmetic procedure performed.

41.    In addition, Defendant Zweifler was negligent, and departed from accepted medical standards, in failing to provide proper, adequate and appropriate follow up care to the Plaintiff, Bonnie Schneider, failing to provide her with oral antibiotics, and implement a follow up care plan that contemplated the complexity of the Plaintiff's surgery. In addition, the Defendant Schweifler was negligent, and departed from accepted medical standards, in providing follow up care instructions to the Plaintiff which included statements such as "don't take off the bandages," while at the same time

prescribing the Plaintiff a topical antibiotic as opposed to an oral antibiotic to treat a possible infection after she complained of pain.

42.     That as a result of the Defendant Zweifler's negligence, Plaintiff Bonnie Schneider suffered permanent scars to left medial cheek and left mandibular portion of her face.

43.     That as a result of the Defendant Zweifler's negligence, Plaintiff Bonnie Schneider sustained serious, permanent personal injuries, excruciating pain and suffering, and the permanent disfiguration of her face.

44.     That the Plaintiff Bonnie Schneider's injuries include both physical and mental pain and suffering and all the consequences thereof which were caused by the Defendant Zweifler without any fault on the part of the Plaintiff.

45.     By reason of the above, Plaintiff Bonnie Schneider seeks damages for personal injuries, conscious pain and suffering, loss of enjoyment of life, and economic damages, both general and special, as well as medical, both past and future.

WHEREFORE, the Plaintiff demands judgment against the Defendant in the complaint in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction together costs and disbursements of this action.

Dated: Farmingdale, New York
        October 5, 2022


*James M. Carman*

_____
            James M. Carman

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

BONNIE SCHNEIDER,

                              Plaintiff,

          -against-

MICHELLE J. ZWEIFLER, MD.,

                              Defendant.

------------------------------------------------------------------------X

Civ Action No:

**CERTIFICATE OF MERIT**

      James M. Carman, an attorney duly admitted to practice law in the State of New York, and in the United States District Court for the Eastern District of New York hereby affirms the truth of the following:

      We have reviewed the facts of this action and consulted with at least one physician who is licensed to practice medicine and who we reasonably believe is knowledgeable with respect to the relevant treatment and care issues that are involved in the claims that are being made in this action.

      Further, we have concluded on the basis of such review, consultation and the opinion of said physician that there is a reasonable basis for the commencement of this action..

Dated: Farmingdale, New York
       October 5, 2022

                                    *James M. Carman*

                                _____

                                    James M. Carman

## **ATTORNEY'S VERIFICATION**

James M. Carman, an attorney admitted to practice law in the Courts of the State of New York, states and affirms the following under the penalty of perjury.

That I am a member of the law firm of CARMAN, CALLAHAN & INGHAM, LLP attorneys for plaintiffs in this action and as such am fully familiar with all of the pleadings and proceedings heretofore had in this action.

I have read the foregoing Summons and Verified Complaint, and know the contents thereof; that the same is true to my knowledge, except as to those matters therein alleged to be on information and belief, and as to those matters I believe it to be true.

The reason that this verification is made by me and not by the plaintiff in that the plaintiff presently does not reside in the County where the office of the undersigned is maintained.

The grounds of my belief as to all matters not stated upon my own knowledge are information, reports, documentation and investigations maintained in the file.

Dated: Farmingdale, New York
          October 5, 2022

*James M. Carman*

_____
          James M. Carman